UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-cv-60073

RYAN TURIZO,

    Plaintiff,

v.

TAMARAC POINTE, LTD.,
LIMITED PARTNERSHIP
d/b/a TAMARAC POINTE APARTMENTS,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF SOUGHT**

Plaintiff RYAN TURIZO ("Plaintiff") sues Defendant TAMARAC POINTE, LTD., LIMITED PARTNERSHIP d/b/a TAMARAC POINTE APARTMENTS ("Defendant") for violating 42 U.S.C. § 3601 *et seq.*, the Fair Housing Act. FL

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 42 U.S.C. § 3613(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because the subject property is located in this district, Plaintiff resides in this district, Defendant transacts business in this district, and the complained conduct of Defendant occurred in this district.

**PARTIES**

3. Plaintiff is a natural person, a Hispanic/Latino male, and a citizen of the State of Florida, residing in Broward County.

4. Plaintiff is a tester. Plaintiff seeks to enforce fair housing laws to protect individuals from discriminatory housing practices by, among other things, investigating entities governed by the Fair Housing Act ("FHA") and perusing enforcement of meritorious claims. Without intent to rent or purchase, Plaintiff poses as a renter or purchaser for the purpose of collecting evidence of discriminatory housing practices. At all times material, Plaintiff was acting as a tester when Plaintiff conducted an investigation into Defendant's discriminatory actions and practices.

5. Defendant is a Ohio limited liability company, with its principal place of business located in Columbus, Ohio.

## DEMAND FOR JURY TRIAL

6. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

7. On or about December 04, 2019, Plaintiff, in his capacity as a tester, contacted Defendant to inquire about one of the properties Defendant holds open to the public for rent, namely, a dwelling located within the "Tamarac Pointe Apartments" community (the "Dwelling"), located at: 6527 NW 70th Ave., Tamarac, Florida 33321.

8. As part of Plaintiff's investigation into potential discrimination in the housing market, Plaintiff inquired about Defendant's policy regarding the criminal record of applicants applying to rent the Dwelling. Defendant responded by stating that any felony criminal record would result in an automatic denial of an applicant seeking to rent the Dwelling. Plaintiff has a felony criminal record.

9. Defendant's statement clearly indicates that the rental of the Dwelling is subject to a blanket prohibition regarding an applicant's felony criminal history, which is unlawful under the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Fair Housing Act, as it has a disparate impact on Hispanic/Latino people, and fails to serve a substantial, legitimate, nondiscriminatory interest of Defendant.

10. The actions and statements of Defendant, *inter alai*, the policy to automatically deny any prospective individual with a felony criminal record, serves to discourage Plaintiff from applying, inspecting, and renting the Dwelling, and otherwise restrict the choices of Plaintiff in connection with Plaintiff's attempts to seek, negotiation for, and ultimately rent the Dwelling.

11. The policy of Defendant to automatically deny any prospective individual with a felony criminal record perpetuates segregated housing patterns and discourages and/or obstructs choices in the applicable community, neighborhood, and/or development. As such, the actions of Defendant consuetude efforts to deprive Plaintiff of housing opportunities.

12. The U.S. Department of Housing and Urban Development ("HUD") has found that "where a policy or practice that restricts access to housing on the basis of criminal background has a disparate impact on individuals of a particular race … such policy or practice is unlawful under the Fair Housing Act if it is not necessary to serve a substantial, legitimate, nondiscriminatory interest of the housing provider." *See* HUD, "Office of General Counsel Guidance on Application of Fair Housing Act Standards to the Use of Criminal Records by Providers of Housing and Real Estate-Related Transactions" (April 4, 2016).

13. According to recent data, studies and HUD findings, Hispanic/Latino people are arrested, convicted, and imprisoned at vastly disproportionate rates in Florida and the country as a whole. As such, Defendant's policy actually and predictably results in a disparate impact to Hispanic/Latino people.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

14. Defendant's policy regarding the criminal history of applicants seeking to rent, utilize, or otherwise occupy the Dwelling is unlawful under the Fair Housing Act, as it has a disparate impact on individuals of Hispanic/Latino heritage and/or descent.

15. HUD has found that no substantial, legitimate, nondiscriminatory interest can be served where "[a] housing provider … imposes a blanket prohibition on any person with any conviction record – no matter when the conviction occurred, what the underlying conduct entailed, or what the convicted person has done since then." Id.

16. Defendant's blanket prohibition regarding an applicant's felony criminal history is unlawful under the Fair Housing Act, as it has a disparate impact on Hispanic/Latino people, and fails to serve a substantial, legitimate, nondiscriminatory interest of the housing provider.

17. As a Hispanic/Latino person who has been the subject of discrimination throughout his life, Plaintiff was and is saddened, angered, and insulted, by Defendant's policy regarding the criminal history of applicants because said policy has a discriminatory impact and serves no substantial, legitimate, nondiscriminatory interest, and otherwise results in the wrongful denial of applicants, such as Plaintiff.

18. Plaintiff was and is saddened, angered, and insulted by the fact that the Defendant's rental policy includes a blanket prohibition regarding an applicant's felony criminal history that has a discriminatory impact and serves no substantial, legitimate, nondiscriminatory interest, and are denying applicants pursuant to that policy, such as Plaintiff.

19. Plaintiff has spent significant time thinking about all the other Hispanic/Latino people who may have been denied housing by Defendant because of this blanket prohibition, and while doing so, felt the aforementioned emotions.

20. The acts and omissions of Defendant proximately caused Plaintiff to suffer the above-mentioned emotions, which have manifested into stress, unpleasant rumination, mental strain, and feelings of indignity, hopelessness, and anxiety within the context of racial discrimination in housing.

21. Consistent with Plaintiff's fair housing testing efforts, Plaintiff has a practice of continuing to monitor and test those entities and individuals found to have been engaged in discriminatory housing practices. As such, Plaintiff will continue monitoring Defendant, and Defendant's agents, in order to determine its (Defendant's) ongoing compliance with the Fair Housing Act.

## *COUNT I.*
## VIOLATION OF THE FAIR HOUSING ACT

22. Plaintiff incorporates by reference paragraphs 1-21 of this Complaint as though fully stated herein.

23. Defendant is liable to Plaintiff for all injuries caused by the Fair Housing Act violations committed by Defendant and the agents of Defendant.

24. Defendant authorized its agents to act for it (Defendant) when Defendant's agents committed the Fair Housing Act violations alleged herein. The agents of Defendant accepted the undertaking of acting on behalf of Defendant when the they (Defendant's agents) committed the Fair Housing Act violations alleged herein. Defendant had control over its (Defendant's) agents when said agents committed the Fair Housing Act violations alleged herein.

25. In light of the aforementioned factual allegations and HUD findings: [1] Defendant's criminal history policy and/or practice is arbitrary, artificial, and unnecessary to achieve a valid interest or legitimate objective such as a practical business, profit, policy consideration, or requirement of law; [2] there is a robust causal link between the challenged policy

or practice and a disparate impact on Hispanic/Latino people that shows the specific practice is the direct cause of the discriminatory effect; [3] the disparity caused by the policy and/or practice is significant; and [4] there is a direct link between the disparate impact and Plaintiff's injury.

26. Defendant has violated the Fair Housing Act by, *inter alia*, making unavailable and/or otherwise denying the Dwelling to Plaintiff on the basis of race and/or criminal record.

27. A discriminatory purpose, and not any legitimate reason, was a motivating factor behind Defendant's policy regarding the criminal history of applicants seeking to rent, utilize, or otherwise occupy the Dwelling.

28. As a result of Defendant's discriminatory conduct - committed despite being engaged in the business of real estate, coupled with Plaintiff's ongoing monitoring efforts - Plaintiff has suffered, is continuing to suffer, and will in the future suffer irreparable loss and injury and a real and immediate threat of future discrimination by Defendant.

29. Defendant's unlawful conduct and actions constitute discrimination and proximately caused Plaintiff's damages as described above.

30. In engaging in this unlawful conduct described above, Defendant acted recklessly or intentionally. This is evidenced, in part, by the fact that Defendant is engaged in the real estate business and are licensed real estate professionals, who have been educated, trained, and tested in fair housing laws, nonetheless chose to engage in unlawful discrimination.

31. Plaintiff, as a tester who has been treated in a discriminatory fashion by Defendant, has suffered an injury in precisely the form the Fair Housing Act was intended to guard against, thus, Plaintiff has standing to maintain this action against Defendant under the Fair Housing Act's provisions.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

32. Accordingly, Plaintiff is aggrieved by the discrimination actions of Defendant in violation the Fair Housing Act.

33. WHEREFORE, Plaintiff, respectfully, requests that this Court:

   (a) Declare the above-mentioned actions, omissions, polices, and procedures, of Defendant to be in violation of the Fair Housing Act;

   (b) Award compensatory damages to Plaintiff against Defendant;

   (c) Award punitive damages to Plaintiff in an amount to be determined by the jury that would punish Defendants for the willful, malicious, and reckless conduct alleged herein and that would effectively deter similar conduct in the future;

   (d) Enter a permanent injunction enjoining Defendant from discriminating against individuals on the basis of race and/or criminal history;

   (e) Enter a permanent injunction compelling Defendant to amend its (Defendant's) polices, procedures, and practices, that discriminate against individuals on the basis of race and/or criminal history;

   (f) Award Plaintiff costs and reasonable attorneys' fees; and

   (g) Any other relief that this Court deems appropriate and just under the circumstances.

DATED: January 13, 2020

Respectfully Submitted,

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:   954-907-1136
Fax:     855-529-9540

*COUNSEL FOR PLAINTIFF*

PAGE | **7** of **7**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com